■ In the Matter of TERRENCE W. BERESFORD SR., Appellant, v BRENDA E. YOKES, Respondent. [843 NYS2d 528]—

Lahtinen, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered June 9, 2006, which, in a proceeding pursuant to Domestic Relations Law article 5-A, dismissed petitioners' application for lack of jurisdiction.

Petitioner, who was never married to respondent, commenced this proceeding in May 2006 seeking custody and visitation with their daughter, who was born in Pennsylvania in 1999. Family Court dismissed the petition for lack of subject matter jurisdiction finding that Pennsylvania is the child's home state pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA; *see* Domestic Relations Law art 5-A). Petitioner appeals arguing that Family Court erred in dismissing the petition without a hearing.

Pursuant to the UCCJEA, New York has jurisdiction to make the custody determination in this case "only if . . . this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding" (Domestic

Relations Law § 76 [1] [a]). Home state is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a [7]). The record here fails to show that New York was the child's home state within the meaning of the statute at the time this proceeding was commenced. While there are circumstances in which a court can look to alternatives to home state status to confer jurisdiction (see Domestic Relations Law § 76 [1]; see generally Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 76, 2007 Cum Pocket Part, at 111-112, 114-115), those circumstances do not exist here. Accordingly, Family Court did not err in dismissing this proceeding without a hearing.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.