Matter of David EE. v Laquanna FF. (2019 NY Slip Op 00336)





Matter of David EE. v Laquanna FF.


2019 NY Slip Op 00336


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

526268

[*1]In the Matter of DAVID EE., Appellant,
v
LAQUANNA FF., Respondent.

Calendar Date: December 12, 2018

Before: Lynch, J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Rebecca L. Fox, Plattsburgh, for appellant.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Family Court of Franklin County (Main Jr., J.), entered November 27, 2017, which, in a proceeding pursuant to Family Ct Act article 6, dismissed the petition for lack of subject matter jurisdiction.
Petitioner is the father of two children (born in 2002 and 2011). He commenced this proceeding in October 2017 seeking visitation. Upon review of the petition, Family Court, sua sponte, found that the children resided in Georgia and dismissed the petition with prejudice for lack of subject matter jurisdiction. Petitioner appeals.
In his petition, petitioner alleged that respondent is an aunt of the children who obtained temporary guardianship of them following the mother's death and, further, that the children reside with respondent in Georgia; notably, however, he did not allege that a New York court had made a prior custody determination involving the children, nor did he allege any circumstances involving the children that would support a specific basis for jurisdiction. Thus, the petition fails to allege any facts that would provide New York with jurisdiction to make the determination in this case (see Domestic Relations Law §§ 76, 76-a; Matter of Beresford v Yokes, 44 AD3d 1169, 1169-1170 [2007]) and, therefore, Family Court did not err by dismissing this proceeding without a hearing (see Matter of Beresford v Yokes, 44 AD3d at 1170). However, inasmuch as Family Court dismissed the proceeding for lack of subject matter jurisdiction based solely upon a review of petitioner's sparse pro se petition and without reaching the merits, it erred in dismissing the proceeding with prejudice (see Matter of Daryl D. v Shameeka W., 161 AD3d 416, 416 [2018]).
Lynch, J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the petition with prejudice; petition dismissed without prejudice; and, as so modified, affirmed.